**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAZARINE WOODS, as Special Administrator of the Estate of MELVIN C. WOODS, Jr., Deceased, and DAZARINE WOODS, Individually, | ) ) ) ) | Case Number: 16-C-1671 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Honorable Judge Norgle |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, a Municipal Corporation; and DETENTION AIDE WEST, | ) ) ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CITY OF CHICAGO AND DETENTION AID WESTS' JOINT
ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S
SEVENTH AMENDED COMPLAINT**

Defendants, City of Chicago and Detention Aid West (collectively "Defendants"), by and

through one of their attorneys, Vincent Michael Rizzo, Assistant Corporation Counsel for the

City of Chicago Department of Law, for their joint answer, affirmative defenses and jury demand

state the following:

**FACTUAL ALLEGATIONS**

1.      DAZARINE WOODS is the Special Administrator of the Estate of MELVIN C.
WOODS, JR., deceased.  Attached hereto as Exhibit "A" is a copy of the order appointing
DAZARINE WOODS, Special Administrator of the Estate of MELVIN C. WOODS, JR.
Melvin C. Woods, Jr. was the husband of Dazarine Woods.

**ANSWER**:      Defendants City and West admit that the order attached to Plaintiff's

Amended Complaint as "Exhibit A" appoints Dazarine Woods as Special Administrator of the

decedent's estate.  However, Defendants City and West lack knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny and demand strict proof thereof.

2.      On November 20, 2011, MELVIN C. WOODS, JR. was arrested without a warrant and taken to the Calumet District City of Chicago Police Station ("Area Two"), located at 727 East 111th Street, in the City of Chicago, County of Cook, State of Illinois.

**ANSWER**:      Defendants admit that on November 20, 2011, Melvin C. Woods, Jr. was arrested based on probable cause and was taken to the police station located at 727 East 111th Street, Chicago, Illinois.

3.      While at Area Two, MELVIN C. WOODS, JR. told one or more Chicago Police Officers that he was going to kill himself.

**ANSWER**:      Defendant West denies the allegations set forth in this paragraph. Defendant City lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.      While at Area Two, MELVIN C. WOODS, JR., in front of one or more Chicago Police Officers, took his pants off and used them to attempt to tie his pants around his neck and a cell bar in order to hang himself.

**ANSWER**:      Defendant West admits that Mr. Woods took his pants off, but denies the remaining allegations set forth in this paragraph.  Defendant City admits that Mr. Woods took his pants off, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

5.      One of more Chicago Police Officers then took away MELVIN C. WOODS, JR.'s pants and the rest of his clothing, except for his underpants.

**ANSWER**:      Defendant City, upon information and belief, and Defendant West admit the allegations contained in this paragraph.

-2-

6.      The officers then left MELVIN C. WOODS, JR. alone in his cell.

**ANSWER**:      Defendant City, upon information and belief, and Defendant West admit

the allegations contained in this paragraph.

7.      A short time later, MELVIN C. WOODS, JR. was found dead in his cell, hanging
from the bars by his underpants.

**ANSWER:**      Defendant City, upon information and belief, and Defendant West admit

the allegations contained in this paragraph.

8.      The Chicago police claim that MELVIN C. WOODS, JR. committed suicide by
hanging.

**ANSWER**:      Defendant City, upon information and belief, and Defendant West admit

the allegations contained in this paragraph.

9.      Thereafter, Chicago Police Superintendent, Garry McCarthy, publicly admitted
that the camera (or cameras) inside the cell where MELVIN C. WOODS, JR. was interrogated
was not working.

**ANSWER**:      Defendant West lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph, and therefore deny and demand

strict proof thereof.  Upon information and belief, Defendant City denies the allegations set forth

in this paragraph.

10.      The camera (or cameras) inside the cell where MELVIN C. WOODS, JR. was
interrogated was placed there for safety reasons.

**ANSWER**:      Defendant West lacks knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph, and therefore deny and demand

strict proof thereof.  Upon information and belief, Defendant City denies the allegations set forth

in this paragraph.

11.     Among other things, the camera (or cameras) was placed in the cell to prevent inmates from hurting themselves inclusive of committing suicide.

**ANSWER**:     Defendant West lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny and demand strict proof thereof.  Upon information and belief, Defendant City denies the allegations set forth in this paragraph.

12.     In addition, one or more cameras were placed in that cell to prevent inmates from hurting each other, among other ways, by fighting.

**ANSWER**:     Defendant West lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny and demand strict proof thereof.  Upon information and belief, Defendant City denies allegations set forth in this paragraph.

13.     Just three days prior, on November 17, 2011, another man, Develt Bradford, was found dead in an Area Two cell in which the cameras also were not working.

**ANSWER**:     Defendants admit that Develt Bradford was found dead, hanging in his cell, in the 5th District police station lockup on November 17, 2011.  Defendant West, and, upon information and belief, the City, admit that cameras in the 5th District police station were not working on November 17, 2011 and November 20, 2011.

14.     The officers and employees at Area Two were therefore on notice of the risks of holding a person in a cell with a non-working camera or cameras.

**ANSWER**:     Defendants West, and, upon information and belief, the City deny the allegations set forth in this paragraph

15.     Defendant WEST was Detention Aide during the time MELVIN C. WOODS, JR. was in the unsupervised cell at Area Two.

-4-

**ANSWER**:  Defendant West admits that he was an on-duty detention aide in the 5th District lockup during the time that Melvin C. Woods, Jr. was in the 5th District lockup, which is separate and distinct from Area 2.  Upon information and belief, Defendant City admits that Defendant West was an on-duty detention aide in the 5th District lockup during the time Melvin C. Woods, Jr. was present in the 5th District lockup, which is separate and distinct from Area 2. Defendants deny the remaining allegations in set forth in this paragraph.

16.     Defendant WEST and the Chicago police officers who reported to him at Area Two unreasonable, willfully and wantonly disregarded the fact that the camera (or cameras) inside the cell where MELVIN C. WOODS, JR. was placed was not working.  They placed him in that cell with an utter disregard for his life and safety.

**ANSWER**:  Defendant City, upon information and belief, and Defendant West admit that at the time Plaintiff was in the 5th District lockup, the surveillance cameras in the lockup area were not working, but deny the remaining allegations contained in this paragraph.

17.     As the Detention Aide, Defendant WEST was primarily responsible for and had a duty to safely guard the inmates in the facility, including MELVIN C. WOODS, JR.

**ANSWER**:  Upon information and belief, Defendants City and West admit that the duty alleged in this paragraph existed only to the extent required by law, but deny that Defendant West breached any duty owed, and deny the remaining allegations set forth in this paragraph.

18.     Defendant WEST and the other persons who were on duty when MELVIN C. WOODS, JR. died were Chicago police officer and/or agents of the City of Chicago.

**ANSWER**: Upon information and belief, Defendants City, and West admit that Defendant West and the other persons on duty in the 5th District lockup were Chicago police officers and/or agents of the City of Chicago.

19.     On or around November 21, 2011, Chicago Police Spokesperson Maureen Biggane told the public that the Independent Police Review Authority ("IPRA") was investigating the death of MELVIN C. WOODS. JR.

**ANSWER**:    Defendant West lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies and demands strict proof thereof.  Upon information and belief, Defendant City admits the allegations set forth in this paragraph.

20.    As of the submission or this Amended Complaint, IPRA has not given the public any answers about his death.

**ANSWER**:    Defendant West lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies and demands strict proof thereof.   Defendant City admits as of January 12, 2016, the date of the original filing of Plaintiff's Seventh Amended Complaint, IPRA was conducting its ongoing investigation into this matter, which included the gathering of evidence, subject to all applicable laws and privileges, and, as such, that investigation remained confidential and was not yet concluded at that time.   Defendant City avers that the investigation was closed on February 9, 2016.   On information and belief, Defendant City denies the remaining allegations contained in this paragraph and avers that IPRA is a public agency.

21.    Moreover, the IRPA has not publicly announced a date when it will complete its investigation into MELVIN C. WOODS, JR.'s death.

**ANSWER**:    Defendant City, upon information and belief, admits that IPRA closed its investigation on February 9, 2016 and thereafter such information was available via a FOIA request.  Defendant City, upon information and belief, further avers that IPRA published an abstract of the matter in its second quarterly report in June of 2016.   Defendant City denies the remaining allegations contained in this paragraph.  Defendant West lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this

paragraph.

22.     Defendant WEST and other Chicago police officers expect that entities like OPS and IPRA will fail to uncover or disclose police wrongdoing, which reduces the incentive Chicago police officers have to protect the lives of people in their custody like MELVIN C. WOODS, JR.

**ANSWER**:     Defendant City and West deny the allegations contained in this paragraph

and lack knowledge or information sufficient to form a belief as to the truth of the allegations

regarding other Chicago police officers.

23.     At all times relevant to this Seventh Amended Complaint, the Area Two police station was a municipal unit of the City of Chicago, a municipal corporation, which was engaged in the business for which was incorporated.

**ANSWER**:     Defendants City, and West admit that at all times relevant to this Seventh

Amended Complaint, the Area Two police station was an entity located within, and operated by,

the Chicago Police Department, a Department of the City of Chicago, a municipal corporation

engaged in the business for which it was incorporated.  Defendants deny the remaining

allegations contained in this paragraph.

24.     At all times relevant herein, Defendant CITY, owned, operated, maintained and controlled the Area Two police stations.

**ANSWER**:     Defendant City and, upon information and belief, Defendant West, admit

that the City of Chicago owned, operated, maintained, and controlled the 5th District police

station and Area 2 detective division, which are separate and distinct from each other.

## COUNT I – DETENTION AID WEST AND CITY OF CHICAGO WRONGFUL DEATH – WILLFUL AND WANTON

25.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

**ANSWER**:  Defendants City and West reassert their answers contained in the

preceding paragraphs one through twenty four (1-24) and incorporate those answers herein, as

though fully stated.

26.  At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services at the police station was subject to the applicable laws set forth by the State of Illinois and the municipality of the City or Chicago and the regulations promulgated therein.

**ANSWER**:  Defendants City and West admit that at all relevant times they were

subject to all applicable laws of the State of Illinois, as set forth by the Illinois Constitution, the

laws of the City of Chicago, and the United States Constitution.  Defendants City and West deny

the remaining allegations contained in this paragraph.

27.  At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services at the police station had a duty not to violate the rights of its arrestees/detainees, including Plaintiff's decedent, MELVIN C. WOODS, JR.

**ANSWER**:  Defendants City and West admit that the duty alleged in this paragraph

existed only to the extent required by law, but deny that they breached any duty owed, and deny

the remaining allegations contained in this paragraph.

28.  At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, MELVIN C. WOODS, JR., had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

**ANSWER**:  Defendants City and West admit that the duty alleged in this paragraph

existed only to the extent required by law, but deny that they breached any duty owed, and deny

the remaining allegations contained in this paragraph.

-8-

29.     At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, involved in the occurrence were acting under the color of law as sworn law enforcement officers.

**ANSWER**:     Upon information and belief, Defendant City admits that all sworn officers and detention aides on duty and present at the time of the occurrence were acting in their official capacity and under color of law, but denies the remainder of the allegations set forth in this paragraph.  Defendant West admits that he was acting in his official capacity and under color of law during all times relevant to this Seventh Amended Complaint when present in the 5th District Police Station.  Defendant West lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

30.     On and between November 19, 2011 and November 20, 2011, Plaintiff's decedent, MELVIN C. WOODS, JR., was under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel at the Police Station of Defendant CITY, including but not limited to Defendant West.

**ANSWER**:     Defendant City, upon information and belief, and Defendant West admit that Melvin C. Woods, Jr. was in the custody of the Chicago Police Department on November 20, 2011, but deny the remainder of the allegations set forth in this paragraph.

31.     On and between November 19, 2011 and November 20, 2011, Plaintiff's decedent, MELVIN C. WOODS, JR., while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including, but not limited to Defendant WEST, sustained various injuries and subsequent death while an arrestee/detainee at the police station of Defendant CITY.

**ANSWER**:     Defendant City, upon information and belief, and Defendant West admit that Melvin C. Woods, Jr. was in the custody of the Chicago Police Department, and died by suicide hanging, with injuries related thereto, while in custody on November 20, 2011, but lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph

32. On November 20, 2011, while under the complete care and control of various agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant WEST, Plaintiff's decedent, MELVIN C. WOODS, JR., was *allegedly* found hanging in an area of the police station which was under the complete control of Defendant CITY.

**ANSWER**: Defendant City, upon information and belief, and Defendant West admit

that Melvin C. Woods, Jr. was found hanging in his cell in the 5th District police station lockup,

while in custody of the Chicago Police Department. Upon information and belief, Defendants

City and West deny the remaining allegations contained in this paragraph.

33. On November 20, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including but not limited to Defendant WEST, MELVIN C. WOODS. JR., died at Defendant CITY's police station.

**ANSWER**: Defendant City, upon information and belief, and Defendant West admit

that Melvin C. Woods, Jr. was found hanging in his cell in the 5th District police station lockup,

resulting in his death, while in custody of the Chicago Police Department. Upon information and

belief, Defendants City and West deny the remaining allegations contained in this paragraph.

34. On and between November 19, 2011 and November 20, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to protect the rights of Plaintiff's decedent, MELVIN C. WOODS, JR.

**ANSWER**: Defendants City and West admit that the duty alleged in this paragraph

existed only to the extent required by law, but deny that they breached any duty owed, and deny

the remaining allegations contained in this paragraph.

35. On and between November 19, 2011 and November 20, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees,

-10-

servants and/or other personnel, including but not limited to Defendant WEST, acted with a
conscious disregard or a reckless disregard for the duty owed to the Plaintiff's decedent,
MELVIN C. WOODS, JR.

**ANSWER**:    Defendant City, upon information and belief, and Defendant West deny

the allegations set forth in this paragraph.

36.    On and between November 19, 2011 and November 20, 2011, and at all times
mentioned herein Defendant CITY, by its duly authorized agents, apparent agents, employees,
servants and/or other personnel including but not limited to Defendant WEST, had a duty to
possess and apply the knowledge and skill that those of other similarly situated institutions
would exercise under the same or similar circumstances.

**ANSWER**:    Defendants City and West admit that the duty alleged in this paragraph

existed only to the extent required by law, but deny that they breached any duty owed, and deny

the remaining allegations contained in this paragraph.

37.    At all relevant times, Defendant CITY, by its duly authorized agents, apparent
agents, employees, servants and/or other personnel including but not limited Defendant WEST
had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm,
danger and/or death to its invitees, arrestees and detainees therein.

**ANSWER**:    Defendants City and West admit that the duty alleged in this paragraph

existed only to the extent required by law, but deny that they breached any duty owed, and deny

the remaining allegations contained in this paragraph.

39.    At all relevant times, Defendant CITY, through its duly authorized agents,
apparent agents, employees, servants and/or any other personnel including but not limited to
Defendant WEST, knowingly and intentionally breached its duty and violated the rights of
Plaintiff's decedent, MELVIN C. WOODS, JR., and was reckless in one or more or the following
respects:

   a.    Willfully and wantonly and in violation of the standard operating
         procedures of Defendant CITY, placed Plaintiff's decedent, MELVIN C.
         WOODS, JR., in a cell where there was no surveillance;

   b.    Knowingly and intentionally allowed Plaintiff's decedent, MELVIN C.
         WOODS, JR., to be physically and emotionally abused, even unto death;

      c.       Consciously disregarded the rights of Plaintiff's decedent, MELVIN C. WOODS, JR., to be in a safe and risk free environment;

      d.       Intentionally failed to reasonably safeguard Plaintiff's decedent, MELVIN C. WOODS, JR., from injury and subsequent death;

      e.       Consciously disregarded the policies, procedures, rules and regulations set for by Defendant CITY, regarding safety of its arrestees/detainees, including Plaintiff's decedent, MELVIN C. WOODS, JR.;

      f.       Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, MELVIN C. WOODS, JR.;

      g.       Knowingly failed to comply with applicable laws set forth by the State of Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant, CITY;

      h.       Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, MELVIN C. WOODS, JR.;

      i.       Knowingly deprived Plaintiff's decedent, MELVIN C. WOODS, JR., of the necessary services to maintain the highest practicable level of physical well-being; and

      j.       Were otherwise careless and reckless.

      **ANSWER**:    Defendant City, upon information and belief, and Defendant West deny

the allegations set forth in this paragraph, including all sub-parts.

      39.    As a direct and proximate result of one or more or the aforesaid willful and wanton acts and/or omissions by Defendant CITY, Plaintiff's decedent, MELVIN C. WOODS, JR., sustained injuries of a personal and pecuniary nature which resulted in his death on November 20, 2011.

      **ANSWER**:    Defendant City, upon information and belief, and Defendant West deny

the allegations set forth in this paragraph.

      40.    MELVIN C. WOODS, JR., deceased, left surviving him his wife, DAZARINE WOODS, three daughters, Mary Woods, Felicia Woods and Sparkle Ball-Reed, sisters, Ernestine Walker and Rose Woods, and one brother, Joe Woods, all who have sustained pecuniary losses as a result of his death, including but not limited to loss of society, companionship, affection,

love, and support.

**ANSWER**:     Defendants City and West lack knowledge or information sufficient to

form a belief as to the truth of the allegations contained in this paragraph.

41.     Plaintiff DAZARINE WOODS, as Independent Administrator of the Estate of
MELVIN C. WOODS, JR., deceased, and DAZARINE WOODS, individually, brings this action
pursuant to 740 ILCS 180/1, et seq., commonly known as the Wrongful Death Act.

**ANSWER**:     Defendants City and West admit that Plaintiff purports to bring Count I

pursuant to the Illinois Wrongful Death Act.  Defendants City and West deny any liability or

wrongdoing alleged in this Complaint.

**WHEREFORE,** Defendants City and West request that this Court enter judgment in

their favor as to Count I and against Plaintiff and enter any other relief in their favor and against

Plaintiff that this Court deems just and proper.

## COUNT II – CITY OF CHICAGO AND DETENETION AID WEST SURVIVAL – WILLFUL AND WANTON

42.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

**ANSWER**:     Defendants City and West reassert their answers contained in the

preceding paragraphs one through forty one (1-41) and incorporate those answers herein, as

though fully stated.

43.     At all relevant times, Defendant CITY, by and through its duly authorized agents,
apparent agents, employees, servants and/or any other personnel including but not limited to
Defendant WEST that provided various services at the police station was subject to the
applicable laws set forth by the State of Illinois and the municipality of the City or Chicago and
the regulations promulgated therein.

**ANSWER**:     Defendants City and West admit that at all relevant times they were

subject to all applicable laws of the State of Illinois, as set forth by the Illinois Constitution, the

laws of the City of Chicago, and the United States Constitution. Defendants City and West deny the remaining allegations contained in this paragraph.

44. That at all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST that provided various services at the police station had a duty not to violate the rights of Plaintiff's decedent, MELVIN C. WOODS, JR.

**ANSWER**: Defendants City and West admit that the duty alleged in this paragraph existed only to the extent required by law, but deny that they breached any duty owed.

Defendants City and West deny the remaining allegations contained in this paragraph.

45. At all relevant times, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, that provided various services to the general public, invitees, arrestees and detainees including but not limited to Plaintiff's decedent, MELVIN C. WOODS, JR., had a duty to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

**ANSWER**: Defendants City and West admit that the duty alleged in this paragraph existed only to the extent required by law, but deny that they breached any duty owed.

Defendants City and West deny the remaining allegations contained in this paragraph.

46. At all relevant times, Defendant CITY, by and through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including but not limited to Defendant WEST, involved in the occurrence were acting in their individual capacity and under the cover of law as sworn law enforcement officers.

**ANSWER**: Upon information and belief, Defendant City admits that all sworn officers and detention aides on duty and present at the time of the occurrence were acting in their official capacity and under color of law, but denies the remainder of the allegations set forth in this paragraph. Defendant West admits that he was acting in his official capacity and under color of law as a detention aide during all times relevant to this Seventh Amended Complaint when

-14-

present in the 5th District Police Station. Defendant West lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

      47.     On and between November 19, 2011 and November 20, 2011, Plaintiff's
decedent, MELVIN C. WOODS, JR., was under the complete care and control of various duly
authorized agents, apparent agents, employees, servants and/or other personnel at the Police
Station of Defendant CITY, including but not limited to Defendant WEST.

      **ANSWER**:     Defendant City, upon information and belief, and Defendant West admit

that Melvin C. Woods, Jr. was in the custody of the Chicago Police Department on November

20, 2011, but deny the remainder of the allegations set forth in this paragraph.

      48.     On and between November 19, 2011 and November 20, 2011, Plaintiff's
decedent, MELVIN C. WOODS, JR., while under the complete care and control of various duly
authorized agents, apparent agents, employees, servants and/or other personnel of Defendant
CITY, including but not limited to Defendant WEST, sustained various injuries and subsequent
death while an arrestee/detainee at Defendant CITY's police station.

      **ANSWER**:     Defendant City, upon information and belief, and Defendant West admit

that Melvin C. Woods, Jr. was in the custody of the Chicago Police Department, and died, on

November 20, 2011, but lack knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in this paragraph, and therefore deny those allegations and

demand strict proof thereof.

      49.     On November 20, 2011, while under the complete care and control of various
agents, apparent agents, employees, servants and/or other personnel of Defendant CITY,
including, but not limited to Defendant WEST, Plaintiff's decedent, MELVIN C. WOODS, JR.,
was *allegedly* found hanging in an area of the police station which was under the complete
control of Defendant CITY.

      **ANSWER**:     Defendants City, upon information and belief, and Defendant West admit

that Melvin C. Woods, Jr. was found hanging in his cell in the 5th District police station lockup,

while in custody of the Chicago Police Department. Upon information and belief, Defendants

City and West deny the remaining allegations contained in this paragraph.

-15-

50.     On November 20, 2011, while under the complete care and control of various duly authorized agents, apparent agents, employees, servants and/or other personnel of Defendant CITY, including, but not limited to, Defendant WEST, MELVIN C. WOODS, JR., died at Defendant CITY's police station.

**ANSWER**:     Defendant City, upon information and belief, and Defendant West admit

that Melvin C. Woods, Jr. was found hanging in his cell in the 5th District police station lockup,

resulting in death, while in custody of the Chicago Police Department.  Upon information and

belief, Defendants City and West deny the remaining allegations contained in this paragraph.

51.     On and between November 19, 2011 and November 20, 2011, and at all times

mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees,

servants and/or other personnel including, but not limited to, Defendant WEST had a duty to

protect the rights of Plaintiff's decedent, MELVIN C. WOODS, JR.

**ANSWER**:     Defendants City and West admit that the duty alleged in this paragraph

existed only to the extent required by law, but deny that they breached any duty owed.

Defendants City and West deny the remaining allegations contained in this paragraph.

52.     On and between November 19, 2011 and November 20, 2011, and at all times mentioned herein, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel, including, but not limited to, Defendant West, acted with a conscious disregard or a reckless disregard for the duty owed to Plaintiff's decedent, MELVIN C. WOODS, JR.

**ANSWER**:     Defendant City, upon information and belief, and Defendant West deny

the allegations set forth in this paragraph.

53.     On and between November19, 2011 and November 20, 2011, and at all times mentioned herein Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited to Defendant WEST, had a duty to possess and apply the knowledge and skill that those of other similarly situated institutions would exercise under the same or similar circumstances.

-16-

**ANSWER**: Defendants City and West admit that the duty alleged in this paragraph existed only to the extent required by law, but deny that they breached any duty owed.

Defendants City and West deny the remaining allegations contained in this paragraph.

54. At all relevant times, Defendant CITY, by its duly authorized agents, apparent agents, employees, servants and/or other personnel including but not limited Defendant WEST had a duty to exercise ordinary care to provide a safe environment, free of potential risk of harm, danger and/or death to its invitees, arrestees and detainees therein.

**ANSWER**: Defendants City and West admit that the duty alleged in this paragraph existed only to the extent required by law, but deny that they breached any duty owed.

Defendants City and West deny the remaining allegations contained in this paragraph.

55. At all relevant times mentioned herein, Defendant CITY, through its duly authorized agents, apparent agents, employees, servants and/or any other personnel including, but not limited to, Defendant WEST, knowingly and intentionally breached its duty and violated the rights of Plaintiff's decedent, MELVIN C. WOODS, JR., and was reckless in one or more of the following respects:

    a.    Willfully and wantonly and in violation of the standard operating procedures of Defendant CITY, placed Plaintiff's decedent, MELVIN C. WOODS, JR., in a cell where there was no surveillance;

    b.    Knowingly and intentionally allowed Plaintiff's decedent, MELVIN C. WOODS, JR., to be physically and emotionally abused, even unto death;

    c.    Consciously disregarded the rights of Plaintiff's decedent, MELVIN C. WOODS, JR., to be in a safe and risk free environment;

    d.    Intentionally failed to reasonably safeguard Plaintiff's decedent, MELVIN C. WOODS, JR., from injury and subsequent death;

    e.    Consciously disregarded the policies, procedures, rules and regulations set forth by Defendant CITY, regarding safety of its arrestees/detainees, including Plaintiff's decedent, MELVIN C. WOODS, JR.;

    f.    Willfully and wantonly omitted the exercise of ordinary care in general and to Plaintiff's decedent, MELVIN C. WOODS, JR.;

    g.    Knowingly failed to comply with applicable laws set forth by the State of

Illinois and the City of Chicago and the regulations promulgated therein for police stations similar to that of Defendant, CITY;

h.    Intentionally and knowingly did not adequately and properly supervise its arrestees/detainees, including Plaintiff's decedent, MELVIN C. WOODS, JR.;

i.    Knowingly deprived Plaintiff's decedent, MELVIN C. WOODS, JR., of the necessary services to maintain the highest practicable level of physical well-being; and

j.    Were otherwise careless and reckless.

**ANSWER**:    Defendant City, upon information and belief, and Defendant West deny

the allegations set forth in this paragraph, including all sub-parts.

56.    As a direct and proximate result or one or more or the aforesaid intentional acts and/or omissions of Defendant CITY, MELVIN C. WOODS. JR. sustained injuries of a personal and pecuniary nature including conscious pain and suffering prior to his death on November 20, 2011. Had MELVIN C. WOODS, JR. survived, he would have been entitled to bring an action for these injuries and the action survives his death.

**ANSWER**:    Defendant City, upon information and belief, and Defendant West deny

the allegations set forth in this paragraph.

57.    Plaintiff DAZARINE WOODS, as the duly-appointed Independent Administrator of the Estate of MELVIN C. WOODS, JR., deceased, and DAZARINE WOODS, individually, brings this action pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Statute.

**ANSWER**:    Defendants City and West admit that Plaintiff purports to bring Count II

pursuant to the Illinois Survival Statute. Defendants City and West deny any liability or

wrongdoing alleged in this Complaint.

58.    Plaintiff's attorney attaches hereto and incorporates hereto an affidavit pursuant to Illinois Supreme Court Rule 222, selling forth that he believes the value of this matter exceeds the sum of $50,000.00 (FIFTY THOUSAND DOLLARS).

**ANSWER**:    Defendants City and West admit that Plaintiff's counsel attached an

Illinois Supreme Court Rule 222 affidavit to this Seventh Amended Complaint when originally

filing the Complaint in the Circuit Court of Cook County, Illinois, and, on information and belief, deny the remaining allegations contained in this paragraph.

WHEREFORE, Defendants City and West request that this Court enter judgment in their favor as to Count II and against Plaintiff and enter any other relief in their favor and against Plaintiff that this Court deems just and proper.

## COUNT III - DETENTION AIDE WEST
### §1983 FOURTH AMENDMENT - UNREASONABLE CONDITIONS OF CONFINEMENT

59-69. Count III of Plaintiff's Seventh Amended Complaint is not directed to Defendant City, so the City provides no answer thereto.

59.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

**ANSWER**:     Defendant West reasserts his answers contained in the preceding paragraphs one through fifty eight (1-58) and incorporate those answers herein, as though fully stated.

60.     At the time of his death, MELVIN C, WOODS JR. had not yet received a *Gerstein* hearing to determine whether there was probable cause for his arrest.

**ANSWER**:     On information and belief, Defendants West admits Mr. Woods had not yet received a *Gerstein* hearing.

61.     Thus, at the time of his death, MELVIN C, WOODS JR. was still entitled to the protections of the Fourth Amendment of the United States Constitution.

**ANSWER**:     Defendant West admits that the protections alleged in this paragraph existed only to the extent required by law, but deny that Mr. Woods' Fourth Amendment rights were violated.

62.     On the night of his death, Defendant WEST was put on notice that MELVIN C. WOODS Jr. was suicidal.

-19-

**ANSWER**:    Defendant West denies the allegations forth in this paragraph.

63.    At the time of his death, MELVIN C, WOODS JR. was held in cell GI-5, out of sight and sound of the booking area of the lockup.

**ANSWER**:    Defendant West admits that Mr. Woods was held in cell I-5 but, denies the

remaining allegations set forth in this paragraph.

64.    The camera or cameras in cell 1-5 were not functioning at the time of MELVIN C.WOODS JR.'s death.

**ANSWER**:    Defendant West admits that cameras at the 5th District police station were

not functioning at the time of Mr. Woods' death, but denies the remaining allegations set forth in

this paragraph.

65.    Defendant WEST'S actions in placing MELVIN C. WOODS JR. in a cell with non-working cameras was objectively unreasonable and posed a substantial risk of serious harm to MELVIN C. WOODS JR.'s health and safety.

**ANSWER**:    Defendant West denies the allegations set forth in this paragraph.

66.    Defendant WEST'S actions in placing MELVTN C. WOODS JR. in a cell out of sight and sound of the booking area was objectively unreasonable and posed a substantial risk of serious harm to MELVIN C. WOODS JR.'s health and safety.

**ANSWER**:    Defendant West denies the allegations set forth in this paragraph.

67.    Defendant WEST'S action. in not  more closely monitoring MELVIN C. WOODS JR.'s, health and safety after being put on notice that he was suicidal was objectively unreasonable and posed a substantial risk of serious harm to MELVIN C. WOODS JR.'s health and safety.

**ANSWER**:    Defendant West denies the allegations set forth in this paragraph.

68.    Because of Defendant WEST'S unreasonable actions, MELVIN C,WOODS JR. , successfully committed suicide.

**ANSWER**:    Defendant West denies the allegations set forth in this paragraph.

69.    Defendant WEST'S aforementioned actions were taken under color of law.

**ANSWER**:    Defendant West admits he acted under color of law, but denies any wrongdoing.

WHEREFORE, Defendant West requests that this Court enter judgment in his favor as to Count III and against Plaintiff and enter any other relief in his favor and against Plaintiff that this Court deems just and proper.

## COUNT IV - DETENTION AIDE WEST
## §1983 FOURTH AMENDMENT— FAILURE TO PROVIDE MEDICAL CARE

70-78. Count IV of Plaintiff's Seventh Amended Complaint is not directed to Defendant City, so the City provides no answer thereto.

70.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

**ANSWER:**    Defendant West reasserts his answers contained in the preceding paragraphs one through sixty nine (1-69) and incorporate those answers herein, as though fully stated.

71.    At the time of his death, MELVIN C. WOODS JR. had not yet received a *Gerstein* hearing to determine whether there was probable cause for his arrest.

**ANSWER**:    On information and belief, Defendant West admits Mr. Woods had not yet received a *Gerstein* hearing.

72.    Thus, at the time of his death, MELVIN C. WOODS JR, was still entitled to the protections of the Fourth Amendment of the United States Constitution.

**ANSWER:**    Defendant West admits that the protections alleged in this paragraph existed only to the extent required by law, but deny that Mr. Woods' Fourth Amendment rights were violated.

73.    On the night of his death, Defendant WEST was put on notice that MELVIN C. WOODS JR. was suicidal.

-21-

**ANSWER**:     Defendant West denies the allegations set forth in this paragraph.

74.     A suicidal person's need for treatment and/or observation is a serious medical need.

**ANSWER:**     Defendant West lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

75.     Defendant WEST failed to take reasonable steps to care for MELVIN C. WOODS JR.'s serious medical need of suicide prevention, including, but not limited to: removing all of his clothing and providing him with a paper "suicide's gown, transporting him to a mental health facility, transporting him to a cell without bars where he could hang himself, and/or providing him with constant supervision.

**ANSWER:**     Defendant West denies the allegations set forth in this paragraph.

76.     Defendant WEST's failure to provide medical care was objectively unreasonable and posed a substantial risk of serious harm to MELVIN C. WOODS JR.'s health and safety.

**ANSWER:**     Defendant West denies the allegations set forth in this paragraph.

77.     Because of WEST'S unreasonable actions, MELVIN C. WOODS JR. successfully committed suicide.

**ANSWER:**     Defendant West denies the allegations set forth in this paragraph.

78.     Defendant WEST'S aforementioned actions were taken under color of law.

**ANSWER**:     Defendant West admits he acted under color of law, but denies any wrongdoing alleged in this Complaint.

WHEREFORE, Defendant West requests that this Court enter judgment in his favor as to Count IV and against Plaintiff and enter any other relief in his favor and against Plaintiff that this Court deems just and proper.

## COUNT V- CITY OF CHICAGO
## INDEMNIFICATION PUSUANT TO 745 ILCS 10/9-102

79.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

Case: 1:16-cv-01671 Document #: 25 Filed: 02/01/17 Page 23 of 26 PageID #:1397

**ANSWER:**   Defendant City reasserts its answers contained in the preceding paragraphs one through fifty eight (1-58) and incorporate those answers herein, as though fully stated.

80.   Defendant City of Chicago is the indemnifying entity for the actions of Defendant WEST, described above, who took these actions while acting under the color of law and in the course and scope of his employment with the City of Chicago.

**ANSWER:**   Defendant City admits that it is the indemnifying entity for any actions taken by Defendant West under color of law in the scope of his employment with the City of Chicago,  but, on information and belief, denies the remaining allegations and complained of conduct contained in this paragraph.

WHEREFORE, Defendant City requests that this Court enter judgment in its favor as to Count V and against Plaintiff and enter any other relief in its favor and against Plaintiff that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.   Defendant West is a government official who performed discretionary functions. At all times material to the events alleged in Plaintiff's Seventh Amended Complaint, a reasonable Detention Aide objectively viewing the facts and circumstances that confronted Defendant West could have believed his actions to be lawful, in light of clearly established law and the information that Defendant possessed.  Defendant West, therefore, is entitled to qualified immunity.

2.   Any allegation in Plaintiff's Seventh Amended Complaint that can be construed as an allegation that Defendants failed to properly monitor or supervise the decedent and his

fellow detainees while housed at the 5th District police station is barred by section 4-103 of the

Tort Immunity Act, which was in effect at the time, and which states:

> Neither a local public entity nor a public employee is liable for failure to provide
> a jail, detention or correctional facility, or if such facility is provided, for failure
> to provide sufficient equipment, personnel, supervision or facilities therein.
> Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103.

3.      To the extent that Defendant West was working as a detention aide, at the time of

this incident, under the Illinois Tort Immunity Act, Defendant West is not liable for any of the

claims alleged because a public employee is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute willful and wanton

conduct. 745 ILCS 10/2-202.

4.      Defendant West is not liable for any of the claims alleged because a public

employee, as such and acting within the scope of his or her employment, is not liable for an

injury caused by the act or omission of another person.  745 ILCS 10/2-204.

5.      Any award of damages against Defendants shall be reduced in proportion to the

comparative fault of Plaintiff's decedent's own acts or omissions, including but not limited to his

own negligent, intentional, or willful and wanton conduct which proximately caused the claimed

injuries and damages.  In addition, at the time of the actions alleged in Plaintiff's Seventh

Amended Complaint, 735 ILCS 5/2-1116 (1992) was in effect.  This statute reduces a plaintiff's

recovery according to his contributory negligence and bars his recovery entirely when a plaintiff

is more than fifty percent (50%) of the proximate cause of the injury or damage for which

recovery is sought.

6.      To the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.      Under the Illinois Tort Immunity Act, Defendant City of Chicago is barred from paying any portion of a judgment representing an award of punitive or exemplary damages against any of its employees. 745 ILCS 10/2-302.

8.      Under the Illinois Tort Immunity Act, Defendant City of Chicago is not required to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his or her employment. 745 ILCS 10/9-102.

9.      Defendant City of Chicago is not liable to Plaintiffs if its employees or agents are not liable to Plaintiffs.  745 ILCS 10/2-109.

10.      Defendant City of Chicago is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204.

11.      Plaintiff is not entitled to attorney fees for her state law claims.  *See Kerns v. Engelke*, 76 Ill.2d 154, 166, 390 N.E.2d 859, 865 (Ill. 1979); *Miller v. Pollution Control Board*, 267 Ill.App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

## JURY DEMAND

Defendants City and West demand a trial by jury for all issues so triable.

## CONCLUSION

WHEREFORE, Defendants City and West respectfully request that judgment be entered in their favor and against Plaintiff in this matter.

Dated:  February 1, 2017                                     Respectfully submitted,

                                                             /s/ *Vincent Michael Rizzo*
                                                            Vincent Michael Rizzo
                                                      Assistant Corporation Counsel
                                                City of Chicago Department of Law
                                        Federal Civil Rights Litigation Division
                                               30 North LaSalle Street, Suite 900
                                                         Chicago, Illinois 60602
                                                                (312) 744-4746
                                                         Attorney No. 6313833

-26-